IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DANIEL DAVID FLETCHER**                                                                                   **PLAINTIFF**

V.                                           **CASE NO. 5:24-CV-5088**

**KARAS CORRECTIONAL HEALTH SERVICES (KCH),**
**Medical Care Provider, Washington County Detention Center (WCDC);**
**SHERIFF JAY CANTRELL, Washington County, Arkansas;**
**DUSTIN SANDERS, KCH Paramedic;**
**JOHN KARAS, KCH; KELLEY HINLEY, KCH;**
**JORDAN PREVENAS, KCH Paramedic;**
**STEPHANIE LEWIE, KCH;**
**and JAKE SMOTHER, KCH, Paramedic**                                                         **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 38) filed on February 24, 2025, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends that Separate Defendant Sheriff Jay Cantrell's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 26) be denied. In support of her recommendation, she explains that though the Washington County Detention Center had an established inmate grievance procedure on the books when Plaintiff Daniel David Fletcher was incarcerated, the grievance procedure did not function in such a way as to permit Fletcher to effectively grieve complaints *about medical staff or medical treatment* to his jailers. Instead, the undisputed evidence shows that when Fletcher complained to the jail/Washington County about his medical treatment (or lack thereof): (1) the grievance was reassigned back to medical staff, or (2) jail staff advised him to submit the grievance in the form of a medical request, or (3) jail staff responded to the grievance by parroting back the information that

medical staff provided. Accordingly, the Magistrate Judge reasons that the grievance procedure operated as a dead end to Fletcher: Though he asked his jailers to take responsibility for his medical care, they merely passed the buck on his complaints about his medical care and refused to address them head-on.

Sheriff Cantrell filed Objections (Doc. 40) to the R&R, pointing out that Fletcher failed to identify him by name in any grievance regarding medical care. As a result, Sheriff Cantrell maintains that it was impossible for him (or anyone at the jail) to investigate or take corrective action on Fletcher's claim that his civil rights were being violated by medical staff through their deliberate indifference to his serious medical needs.

Having reviewed the entire case *de novo*, the Court agrees with the Magistrate Judge. "Contracting out prison medical care does not relieve the [county] of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the [county]'s prisoners of the means to vindicate their Eighth Amendment rights." *West v. Atkins*, 487 U.S. 42, 56 (1988). In other words, even though Fletcher did not name Sheriff Cantrell in his written grievances, it is clear that Fletcher repeatedly asked his jailers/Washington County for help in dealing with the medical staff's alleged deliberate indifference. Given the jail's policy of reassigning medical grievances back to medical staff and not investigating them in substance, the grievance process was, in effect, unavailable to Fletcher with respect to medical complaints.

**IT IS THEREFORE ORDERED** that the Objections (Doc. 40) are **OVERRULED**, and the R&R (Doc. 38) is **ADOPTED IN ITS ENTIRETY**. The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 26) is **DENIED**.

This case remains referred to the Magistrate Judge.

**IT IS SO ORDERED** on this 28th day of April, 2025.

                                                */s/ Timothy L. Brooks*
                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE