IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL DAVID FLETCHER                                      PLAINTIFF

v.                      Civil No. 5:24-cv-5088-TLB-CDC

KARAS CORRECTIONAL HEALTH
SERVICES (KCH), Medical Care Provider,
Washington County Detention Center
(WCDC); SHERIFF JAY CANTRELL,
Washington County, Arkansas; DUSTIN
SANDERS, KCH Paramedic; JOHN KARAS,
KCH; KELLEY HINLEY, KCH; JORDAN
PREVENAS, KCH Paramedic; STEPHANIE
LEWIE, KCH; and JAKE SMOTHER, KCH
Paramedic                                                  DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Daniel D. Fletcher filed this civil rights action under 42 U.S.C. § 1983, contending that he was denied adequate medical care while incarcerated at the Washington County Detention Center. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation. The case is before the Court on Plaintiff's failure to obey multiple orders of the Court.

### I. DISCUSSION

On August 14, 2025, Plaintiff filed a Notice of Change of Address (ECF No. 49) indicating that he had been released from custody. Accordingly, the Court entered an Order (ECF No. 50) directing him to either pay the balance of his filing fee in this matter or to resubmit an *in forma pauperis* application by September 10, 2025. Plaintiff never responded to this Order, so on September 12, 2025, the Court entered an Order (ECF No. 52) directing Plaintiff to show cause by

1

October 3, 2025 as to why he failed to obey the Court's Order, and warning that if he failed to respond by this deadline then "this case shall be subject to dismissal." Plaintiff never responded to this show-cause Order.

On September 16, 2025, a Motion to Dismiss (ECF No. 53) was jointly filed by some of the Defendants in this case. The Court entered an Order (ECF No. 55) directing Plaintiff to file a response to the Motion to Dismiss by October 14, 2025, and warning that "failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." Plaintiff never filed any response to the Motion to Dismiss.

Both of the aforementioned deadlines have passed, and Plaintiff has not sought any extension of them. The Court's mailings to Plaintiff of the Orders imposing these deadlines have not been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of October 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE